**SHAMROCK ASSOCIATES, a Partnership, Plaintiff,**

v.

**TEXAS AMERICAN ENERGY CORPORATION, a Delaware corporation, Defendants.**

Court of Chancery of Delaware, New Castle County.

Submitted: Aug. 22, 1986.
Decided: Aug. 26, 1986.

David A. Drexler, and Michael Houghton of Morris, Nichols, Arsht & Tunnell, Wilmington, Delaware and Koether, Harris & Hoffman, New York City, for plaintiff.

Allen M. Terrell, Jr., and Kevin G. Abrams of Richards, Layton & Finger, Wilmington, and Haynes and Boone, Dallas, Tex., for defendants.

## OPINION

BERGER, Vice Chancellor.

This is the decision on a motion for judgment on the pleadings in a stock list case brought pursuant to 8 *Del.C.* § 220. Plaintiff, a record stockholder of defendant, Texas American Energy Corporation ("TAE"), demanded a stocklist and related materials for the purpose of soliciting proxies for the election of an opposition slate of directors at TAE's annual meeting on September 5, 1986. The two issues before the Court arise from TAE's refusal to provide information in its possession identifying certain beneficial owners of TAE stock (the "NOBO" list) and its refusal to provide the other information requested unless plaintiff agrees to abide by certain conditions relating to the use and return of the materials.

The NOBO list was obtained by TAE pursuant to Securities and Exchange Commission Rule 14b–1(c), 17 C.F.R. § 240.14b–1(c), which took effect on January 1, 1986. Under that rule, registered brokers and dealers are required to provide the company with a list of their customers who are beneficial owners of the company's securities and who have not objected to disclosure of that information. Pursuant to Rule 14a–13(b)(2), a corporation that obtains a NOBO list, "shall ... [u]se the information so furnished exclusively for purposes of corporate communications...." It is undisputed that TAE has a NOBO list and, at oral argument, TAE advised the Court that it should assume that TAE has or will use the NOBO list to communicate with beneficial owners about the upcoming contested election.

TAE argues that plaintiff is not entitled to the NOBO list as a matter of Delaware law and that, if 8 *Del.C.* § 220 would otherwise give plaintiff access to this information, the state statute is preempted by federal law. Turning first to the analysis of § 220, TAE argues that a stockholder is statutorily entitled to inspect only the corporation's stock ledger and its list of stockholders. The beneficial owners whose names appear on the NOBO list are not included on the corporation's stock ledger or list of stockholders and, thus, TAE contends that the NOBO list is outside of the scope of material available to a stockholder by statute.

TAE attempts to distinguish the NOBO list from Cede & Co. breakdowns, magnetic tapes and other information ancillary to a stocklist as to which inspection has been required. *See, Goldman v. Aegis Corp.,* Del.Ch., Civil Action No. 6396, Hartnett, V.C. (April 7, 1981); *Hatleigh Corp. v. Lane Bryant, Inc.,* Del.Ch., 428 A.2d 350 (1981). The company argues that a Cede breakdown is not analagous to the NOBO list because Cede is a depository that acts as the record stockholder for the convenience of brokerage houses and financial institutions in order to simplify their transfer transactions. Since Cede normally executes omnibus proxies to those brokerage houses and financial institutions, TAE contends that the Cede breakdown merely identifies the voting stockholders and can properly be construed to be a form of stocklist. In contrast, TAE asserts by way of affidavit that it has received no assignment of voting rights with respect to the

beneficial owners identified on the NOBO list. As a result, the NOBO list does not represent a list of voting stockholders.

I am not persuaded that the distinction between a Cede breakdown and the NOBO list warrants different treatment of those two sources of information. This Court has repeatedly recognized that, in effectuating the purpose of § 220, the stocklist materials provided to a stockholder should include all of those forms of stockholder data readily available to the corporation. This approach promotes the interests of all stockholders by providing them the most prompt and complete information concerning the corporate decision at hand:

> Once having established a proper purpose, a stockholder is entitled to the same lists and data relating to stockholders as is available to the corporation. [Citation omitted] To hold otherwise would be to give the corporation an unfair advantage in a proxy solicitation battle. The best interest of the stockholders requires that they quickly receive all the information generated by the competing interests. *Hatleigh Corporation v. Lane Bryant, Inc.,* 428 A.2d at 354–355.

Where, as here, the corporation has obtained a NOBO list and is or will be using it to solicit its stockholders in connection with the annual meeting, plaintiff should be allowed the same channel of communication.

■ TAE also argues that the NOBO list should be withheld in order to preserve the beneficial owners' interest in confidentiality. The company points out that the beneficial owners whose names appear on the NOBO list only agreed to reveal their identity and holdings to TAE pursuant to SEC rules which require TAE to use the list exclusively for purposes of corporate communications. According to TAE, the Court may not assume that those beneficial owners also were willing to have their identities revealed to other stockholders.

It is possible that, on a different record, this argument would be more compelling. However, TAE has introduced no evidence as to the specific terms and conditions under which the beneficial owners allowed their names to be included on the NOBO list. Rather, the company relies entirely upon the language of the SEC rules. While it is true that those rules do not provide for the distribution of the NOBO list to the company's stockholders, it does not necessarily follow that the affected beneficial owners understood that their names would not be given to anyone else under any circumstances. By allowing their names to appear on the NOBO list, the beneficial owners apparently decided that they would prefer to receive direct communications from the corporation. It is reasonable to assume that they would want the same type of direct contact on corporate matters from other stockholders. Accordingly, I conclude that there is insufficient support for TAE's confidentiality argument and the NOBO list cannot be withheld on this ground.

TAE's remaining objection is based upon its contention that Rule 14a–13(b)(2) preempts Delaware law and forbids the release to plaintiff of the NOBO list. For the reasons set forth below, I find no preemption.

■ There are three ways in which federal law may preempt state law. First, the federal statute may explicitly preempt state law. Second, even absent explicit preemptive language, Congress may demonstrate an intent to occupy an entire field either by the pervasive nature of the federal regulation or the dominant nature of the federal interest. Third, federal law will preempt state law where the two actually conflict either because compliance with both is impossible or the state law obstructs the purposes and objectives of the federal law. *Michigan Canners and Freezers Assoc., Inc. v. Agricultural Marketing and Bargaining Board,* 467 U.S. 461, 469, 104 S.Ct. 2518, 2523, 81 L.Ed.2d 399 (1984); *Jones v. Rath Packing Co.,* 430 U.S. 519, 525–526, 97 S.Ct. 1305, 1309–1310, 51 L.Ed.2d 604 (1977); *City of Burbank v. Lockheed Air Terminal Inc.,* 411 U.S. 624, 633, 93 S.Ct. 1854, 1859, 36 L.Ed.2d 547

(1973); *Florida Lime and Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 142–143, 83 S.Ct. 1210, 1217–1218, 10 L.Ed.2d 248 (1963); *Hines v. Davidowitz*, 312 U.S. 52, 61, 61 S.Ct. 399, 401, 85 L.Ed. 581 (1941).

■ The rules at issue contain no preemptive language; nor do they reflect a congressional intent to occupy the entire field of shareholder access to stocklists. *See, Burlington Industries v. Masland and Sons*, C.A. No. 86–3295 (E.D.Pa. June 12, 1986). Thus, it is an actual conflict between state and federal law that TAE alleges, arguing both that compliance with the two is impossible and that state law obstructs the objectives of federal law. These arguments will be analyzed in turn, bearing in mind that "[p]re-emption of state law by federal statute or regulation is not favored 'in the absence of persuasive reasons—either that the nature of the regulated subject matter permits no other conclusion, or that the Congress has unmistakably so ordained.'" *Chicago and North Western Transportation Co. v. Kalo Brick and Tile Co.*, 450 U.S. 311, 317, 101 S.Ct. 1124, 1130, 67 L.Ed.2d 258 (1981) *quoting Florida Lime and Avocado Growers, Inc. v. Paul, supra*, 373 U.S. at 142, 83 S.Ct. at 1217.

TAE first argues that the language of Rule 14a–13(b)(2) expressly restricts the use of the NOBO list to corporate communications between the company and its non-objecting beneficial owners. As TAE reads the rule, no other entity may use the list even to communicate about corporate matters. Given this interpretation, a clear conflict exists between state law, which permits a shareholder to use the NOBO list,

and federal law, which forbids it. In support of its interpretation, TAE points to an S.E.C. Release describing the purpose and function of the rule. However, to the extent that the Release discusses this issue, it does nothing to advance TAE's position. The Release states that registrants are not currently required to turn over NOBO lists to security holders such as plaintiff, but that the Securities and Exchange Commission will consider whether to propose amendments adopting such a requirement. S.E.C. Release No. 34–22533, 50 Fed.Reg. 204 (1985).[1] In short, the S.E.C. simply has not reached this issue. It does not presently compel disclosure, but also does not prohibit it.

Notwithstanding the absence of an express conflict, § 220 would still be preempted if it obstructed the purpose of the federal law. Here again, the S.E.C. Release, if anything, undermines TAE's argument. It notes that a rule allowing access to the NOBO list by tender offerors or proxy contestants may be necessary to effectuate the purposes of the Williams Act.[2] Thus, § 220 will foster rather than obstruct the purpose of the federal law.

■ In sum, there is no express conflict which would mandate a finding of preemption and the Delaware statute presents no obstacle to the objectives of federal law. The mere fact that state law acts upon a product of federal law—the NOBO list—is insufficient to trigger preemption. *See generally, Burks v. Lasker*, 441 U.S. 471, 477–480, 99 S.Ct. 1831, 1836–1838, 60 L.Ed.2d 404 (1979).

---

1. Footnote 17 of the Release states, in relevant part:

> In tender offers or proxy contests, there is no current requirement under Rules 14a–7 ... and 14d–15 ... for a registrant to turn over a non-objecting beneficial owner list to a requesting security holder.... The Commission will consider whether to propose for comment amendments to Rules 14a–7 and 14d–5 which would provide security holders access to lists of non-objecting beneficial owners.

2. Footnote 17 of the Release cited above continues:

> Such amendments [to provide security holders with access to NOBO lists] would provide equal access to these lists and avoid tipping the balance of regulation either in favor of management or in favor of tender offerors or proxy contestants. In the context of tender offers, this change may be consistent with and necessary to effectuate the purposes of the Williams Act.

In reaching this conclusion, I am not unmindful of the fact that the Release notes certain concerns regarding security holder confidentiality. The S.E.C. has determined that those concerns are satisfied by the requirement in Rule 14a–13(b)(2) that the NOBO list be used exclusively for corporate communications. That objective may be satisfied as a matter of state law by imposing the same restriction on plaintiff's use of the NOBO list.

TAE's other objection to plaintiff's demand concerns conditions it would have this Court impose upon plaintiff. TAE argues that its stocklist and related materials should not be made available to plaintiff unless plaintiff first agrees in writing: (1) to use the material exclusively for its proxy and/or consent solicitation; (2) to maintain the confidentiality of the stocklist information; and (3) to return all the material and any copies it makes no later than forty five days following the 1986 annual meeting. TAE cites no authority in support of its position, arguing only that it requires this type of agreement from its stockholders as a matter of policy in order to maintain the confidentiality of its materials.

The Court is aware of no case in which such conditions were imposed upon a stockholder pursuant to § 220 and there is nothing in the language of the statute that expressly or impliedly requires the same. For the reasons that this Court has held that concerns about possible misuse of a stocklist do not provide a sufficient basis for withholding the material, *see, Skouras v. Admirality Enterprises, Inc.,* Del.Ch., 386 A.2d 674 (1978), I conclude that TAE may not, as a general matter, condition its release of the stocklist materials. However, with respect to the NOBO list, as noted earlier, TAE's position is meritorious. TAE is expressly limited in its use of the NOBO list by virtue of Rule 14a–13(b)(2) and plaintiff should be expressly bound to the same limitations.

Based upon the foregoing, it is hereby ordered that TAE deliver to plaintiff, its counsel or its designated agent, at plaintiff's expense, all of the materials requested in plaintiff's demand letter on or before 5 p.m. Daylight Savings Time, August 26, 1986. TAE shall not be required to deliver the NOBO list to plaintiff until such time as plaintiff delivers to TAE a written undertaking to use the NOBO list "exclusively for purposes of corporate communications."

IT IS SO ORDERED.