■ In the Matter of ARTHUR E. BOHRER, Appellant, v INTERNATIONAL BANKNOTE COMPANY, Respondent.—Order and judgment (one paper) of the Supreme Court, New York County (Irma Vidal Santaella, J.), entered April 7, 1989, which granted, without opposition, the petition for discovery of the respondent's list of shareholders, but which, *inter alia,* denied petitioner's request for the names and addresses of shareholders whose identities are ascertainable only through records contained by certain nominees, unanimously modified, on the law, to the extent of (1) granting petitioner immediate access to any "NOBO" list currently in the possession of the corporation, or, in the event such list comes into the possession of the respondent on or before the annual meeting of May 25, 1989, or any adjourned date, such list should be provided to the petitioner; (2) directing that respondent make available, whether or not currently in its possession, a "CEDE" breakdown or any similar listing of holders of shares by nominees for the beneficial owners thereof; (3) directing that respondent provide petitioner with magnetic computer tapes listing the common shareholders and preference shareholders, showing the name, address, and number of shares held by them, and such computer processing data as is necessary to make use of the tapes and printouts of said tapes; (4) directing that respondent provide petitioner access to daily transfer sheets; and (5) directing that petitioner bear respondent's expense in the provision of the aforementioned materials; and except as so modified, affirmed, without costs.

Petitioner is the owner of 178,000 shares in the respondent corporation. He seeks in this proceeding to compel the respondent to disclose certain shareholder records for use in soliciting proxies in connection with an election of respondent's board of directors scheduled for May 25, 1989. Although the respondent did not oppose the petition, the order eventually entered granting the petition, which respondent would have us affirm in its entirety, inappropriately limits petitioner's access to the records sought. Business Corporation Law § 624, pursuant to which petitioner seeks to examine respondent's "record of shareholders", is to be liberally construed so as to facilitate communication among shareholders on issues respecting corporate affairs *(Matter of S. & S. Realty Corp. v Kleer-Vu Indus.,* 53 AD2d 552). The statute seeks, to the extent possible, to place shareholders on an equal footing with

management in obtaining access to shareholders. *(See, Matter of Murchison v Alleghany Corp.,* 27 Misc 2d 290, *affd* 12 AD2d 753.)* An affirmance of the order under review would leave respondent's management with exclusive access to materials necessary to expeditiously locate and communicate with respondent's shareholders in the upcoming proxy battle. We do not think that such an advantage is required by the statute's language or comports with its purpose and, therefore, modify to the extent indicated. Concur—Murphy, P. J., Milonas, Kassal, Wallach and Rubin, JJ.