STATE OF NEBRASKA EX REL. L. VANCE LILLIE, APPELLANT, V.
COSGRIFF COMPANY AND ROBERT P. COSGRIFF, APPELLEES.

482 N.W.2d 555

Filed April 3, 1992.   No. S-89-814.

Paul A. Rauth, of Marks & Clare, for appellant.

Martin G. Cahill for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

Appellant, L. Vance Lillie, seeks a writ of mandamus compelling appellee Cosgriff Company to furnish to appellant its most recent financial statements and to permit appellant's examination of its books, records of accounts and minutes, and records of Cosgriff Company's shareholders.

## FACTS

In September 1986, appellant, a retired office manager of the Cosgriff Company, offered to sell back his stock in Cosgriff Company, which amounted to 15 percent of the outstanding corporate stock, for $50,000. Appellees counteroffered to purchase appellant's stock for $10,000.

In an effort to determine the value of his stock, appellant delivered a letter to the Cosgriff Company authorizing the

release of information to his attorney and requesting that his attorney be allowed to examine the corporate books and records. After receiving no response from appellees, on October 31, 1988, appellant filed his amended petition for alternative writ of mandamus. The writ was issued directing appellees to immediately permit Lillie's attorney to examine Cosgriff Company's books, records of accounts and minutes, and records of shareholders. Appellees did not comply.

On November 21, 1988, a hearing took place wherein appellees' attorney stated that their only objection to the examination of the records was the difficulty in getting the records together; appellees requested more time. The trial court directed that the appellees immediately supply appellant with the most recent financial statements and that the appellees turn over the other records as soon as the records could be made available. Some, but not all, of the materials were produced.

The procedural route to the ultimate dismissal of the appellant's petition is difficult to reconcile with the accepted rules of pleading.

Appellant, on March 17, 1989, filed a motion in the district court requesting "the issuance of a Peremptory Writ of Mandamus" and included with the motion excerpts from a deposition of appellee Robert P. Cosgriff. The procedure suggests a motion for summary judgment, but the motion was not so denoted, nor was the summary judgment procedure followed.

At the same time, a motion to strike appellees' answers was filed, the basis of which is unclear. The court, in its order of June 1, 1989, overruled all of the appellant's motions. On its own motion (since no application, demurrer, or motion requesting such relief was on file), however, the court summarily dismissed appellant's petition with prejudice, holding that appellant had a plain and adequate remedy at law. The court specifically determined that Neb. Rev. Stat. § 21-2050 (Reissue 1991) of the Nebraska Business Corporation Act and Neb. Ct. R. of Discovery 27 and 34 (rev. 1989) prohibited the court from issuing the peremptory writ of mandamus.

After the trial court overruled his motion for new trial, Lillie

appealed to this court.

## ASSIGNMENTS OF ERROR

Appellant alleges that the district court erred in (1) dismissing appellant's amended petition because the order was contrary to law, was not supported by the evidence, and was entered without trial; (2) determining that appellant had a plain and adequate remedy at law, by reason of § 21-2050 of the Nebraska Business Corporation Act; and (3) determining that appellant may also proceed under rules 27 and 34 of the Nebraska Discovery Rules, as authorized by Neb. Rev. Stat. § 25-1273.01 (Reissue 1989), in appellant's attempt to enforce his right of inspection of the appellee corporation's books and records.

## DISCUSSION

A writ of mandamus may not be issued in any case where there is a plain and adequate remedy in the ordinary course of the law. Neb. Rev. Stat. § 25-2157 (Reissue 1989); *State ex rel. PROUD v. Conley*, 236 Neb. 122, 459 N.W.2d 222 (1990). To warrant issue of a writ of mandamus against an officer to compel him to act, the duty must be imposed on him by law, the duty must still exist at the time the writ is applied for, and the duty to act must be clear. *Id.*; *Connot v. Monroe*, 193 Neb. 453, 227 N.W.2d 827 (1975).

A writ of mandamus is an extraordinary remedy, not a writ of right, and will issue only when the duty to act is clear. *State ex rel. Thompson v. Alderman*, 230 Neb. 335, 431 N.W.2d 625 (1988).

The applicable provision from appellant's "remedy [at] law," § 21-2050 of the Nebraska Business Corporation Act, provides and requires that all corporations keep correct and complete books and records of account, as well as minutes of shareholder and director proceedings. Anyone who has held shares or trust certificates for the 6 months immediately preceding his demand *or* who is the holder of record of at least 5 percent of all outstanding shares may, upon written demand stating a proper purpose, examine and make extracts of the relevant books, records of accounts, minutes, and records of the shareholders.

Any officer or agent who, or a corporation which, shall refuse to allow any such shareholder or holder of voting trust certificates, or his agent or attorney, so to examine and make extracts from its books and records of accounts, minutes, and records of shareholders, for any proper purpose, shall be liable to such shareholder or holder of voting trust certificates in a penalty of ten percent of the value of the shares owned by such shareholder, or in respect of which such voting trust certificates are issued, in addition to any other damages or remedy afforded him by law. . . .

Nothing in this section shall impair the power of any court of competent jurisdiction, upon proof by a shareholder or holder of voting trust certificates of proper purpose irrespective of the period of time during which such shareholder or holder of a voting trust certificate shall have been a shareholder of record or a holder of record of voting trust certificates, and irrespective of the number of shares held by him or represented by voting trust certificates held by him, to compel the production for examination by such shareholder or holder of voting trust certificates, of the books and records of accounts, minutes and records of shareholders of a corporation.

§ 21-2050.

Upon proof of status as a shareholder and proposal of a proper purpose for the information sought to be obtained through the examination of the corporate records, the penalty for failure to comply with the shareholder's request is 10 percent of the value of the shares owned by the shareholder. Common sense would dictate that since the entire purpose for this shareholder's request for access to corporate records is to ascertain the value of his shares, mandamus should lie here. We are not prepared to hold that a writ of mandamus can never lie to compel corporations to permit shareholders' examination of corporate records.

Appellant's "plain and adequate remedy [at] law," § 21-2050 of the Nebraska Business Corporation Act, specifically provides that that section does not deprive appellant of his common-law right to utilize a court of competent jurisdiction

to compel the reluctant Cosgriff Company to share its information. The company has clearly been biding time. At no point have appellees asserted a defense or given reasons justifying their disregard for Lillie's right to examine the corporate books.

As the matter has not yet been tried, it is perhaps premature to speculate on the reasons for the delay in the inspection of the company books. In the event the trial court determines that the delay is intentional, the court can then determine whether the extraordinary writ should issue.

REVERSED AND REMANDED.