LOUISE PRICE PARSONS v. JEFFERSON-PILOT CORPORATION

No. 240PA92

(Filed 12 March 1993)

1. **Corporations § 151 (NCI4th)— corporate shareholder—right to inspect accounting records**

   A shareholder's common law rights of inspection, including the right to make reasonable inspections of the accounting records of a public corporation for proper purposes, are preserved by N.C.G.S. § 55-16-02(e)(2). Further, a shareholder who seeks to exercise her common law right, as opposed to a statutory right, to examine corporate records for a proper purpose also has a common law right to utilize the mandamus power of the courts to compel a reluctant corporation to disclose its corporate records pertinent to that purpose.

   **Am Jur 2d, Corporations §§ 348, 406.**

2. **Corporations § 133 (NCI4th)— list of beneficial owners—not possessed by corporation—corporation not required to provide**

   A corporation was not required to provide a shareholder with a list of non-objecting beneficial shareholders (NOBO list) where the corporation did not have such a list in its possession. The legislative intent embodied in N.C.G.S. § 55-16-02(b)(3) is that shareholders are entitled to the information concerning the identity of shareholders which is possessed by the *corporation* in order that they may have the same opportunity as the corporation to communicate with the other shareholders.

PARSONS v. JEFFERSON-PILOT CORP.

[333 N.C. 420 (1993)]

However, a shareholder is not granted a right under the statute to require a corporation to obtain NOBO lists or the information necessary to compile NOBO lists when the corporation does not possess or use such information.

**Am Jur 2d, Corporations §§ 334, 395.**

**What corporate documents are subject to shareholder's right to inspection. 88 ALR3d 663.**

3. **Corporations § 151 (NCI4th)— shareholder inspection of corporate records—description of records sought—particularity**

A shareholder seeking inspection of corporate records described both her purpose and the desired records with the reasonable particularity required by N.C.G.S. § 55-16-02(c), assuming that statute controls situations in which a shareholder exercises a common law right of inspection, as well as situations in which the statutory right is being exercised. Whether shareholders describe their purpose or the desired records with reasonable particularity depends upon the facts and circumstances of each case. In light of this plaintiff's actual knowledge at the time of the demand, it would not have been feasible to state her purpose with any greater particularity and, although her demand was broad, there is nothing in the record to show that she could have described the desired records with any greater particularity and the defendant company should not have had any trouble understanding what plaintiff desired.

**Am Jur 2d, Corporations § 409.**

On discretionary review of a decision of the Court of Appeals, 106 N.C. App. 307, 416 S.E.2d 914 (1992), affirming in part and reversing in part an order entered by Allen (W. Steven, Sr.), J., on 16 July 1991 in Superior Court, Guilford County. Heard in the Supreme Court on 13 January 1993.

*Stern, Graham & Klepfer, by James W. Miles, Jr.; Jones, Day, Revais & Pogue, by Richard M. Kirby and Michael J. McConnell, for the plaintiff.*

*Robinson, Bradshaw & Hinson, P.A., by Russell M. Robinson, II, for the defendant.*

PARSONS v. JEFFERSON-PILOT CORP.

[333 N.C. 420 (1993)]

MITCHELL, Justice.

Louise Price Parsons, a shareholder in Jefferson-Pilot Corporation, initiated this action by filing a complaint and motion for preliminary injunction seeking to compel the defendant corporation to allow her to inspect, *inter alia*, its accounting records and records of shareholder and director action. The defendant answered and filed a motion for summary judgment and for sanctions under Rule 11 of the North Carolina Rules of Civil Procedure.

The evidence introduced at a hearing on the defendant's motion tended to show the following. The plaintiff, Louise Price Parsons, is a shareholder of Jefferson-Pilot Corporation and owns 300,000 shares of its stock, which are worth several million dollars. On 14 February 1991, the plaintiff sent a letter to the defendant corporation requesting that it allow her to inspect and copy designated corporate records that would enable her to communicate with its other shareholders. The defendant allowed the plaintiff to inspect and copy certain records. However, the defendant refused to provide the plaintiff with a list of beneficial owners of its stock, stating that it did not possess such information or maintain such a list. In her letter of 14 February 1991, the plaintiff also requested that the defendant allow her to inspect and copy certain "accounting records" so that she could determine "any possible mismanagement of the company or any possible misappropriation of the company's assets." In refusing the plaintiff's request, the defendant stated that such records "are not within the scope of N.C.G.S. § 55-16-02(b)." On 4 March 1991, the plaintiff sent another letter to the defendant narrowing her request for accounting records to those dealing with "compensation paid to, perquisites made available to and relationships with only the executive officers and directors of the company, their family members and companions." The defendant still refused to allow the plaintiff to inspect and copy any "accounting records." As a result, on 6 May 1991, the plaintiff filed a motion for preliminary injunction seeking, among other things, an order directing the defendant to give her access to its accounting records and to give her a list of beneficial owners of its stock.

At the conclusion of the hearing, Judge Allen entered an order denying the defendant's motion for summary judgment and Rule 11 sanctions, concluding that the defendant must permit the plaintiff to inspect its accounting records and records of shareholder and director action. Judge Allen also found that the defendant,

## PARSONS v. JEFFERSON-PILOT CORP.

[333 N.C. 420 (1993)]

Jefferson-Pilot Corporation, did not have the names of the non-objecting beneficial owners of its stock in its possession and, therefore, that the plaintiff was not entitled to an order requiring that the defendant provide her with a list of such individuals. Both parties appealed to the Court of Appeals.

The Court of Appeals affirmed the trial court's order to the extent that the order indicated that the plaintiff was not entitled to require the defendant corporation to obtain the names of non-objecting beneficial owners of the defendant's shares or to provide the plaintiff with a list of such non-objecting beneficial owners (NOBO list), where the defendant had neither the names nor a list of such individuals in its possession. The Court of Appeals also affirmed that part of the trial court's order which had concluded that the plaintiff's written demands to inspect other corporate records described her purpose and the records she sought with "reasonable particularity." However, the Court of Appeals reversed that part of the trial court's order which had concluded that the plaintiff had the right to inspect the defendant's accounting records. The Court of Appeals remanded the case to the trial court for its determination of whether the records the plaintiff sought were "directly connected" to her described purpose in seeking them and for a determination as to whether certain records sought by the plaintiff were in fact "accounting records." This Court allowed both the plaintiff's and the defendant's petitions for discretionary review on 3 September 1992.

## I.

[1] By her first assignment of error, the plaintiff contends that the Court of Appeals erroneously concluded that N.C.G.S. § 55-16-02(b) abrogated a shareholder's common law right to inspect the accounting records of a public corporation. The statute provides, in pertinent part, that a qualified shareholder of any corporation is entitled to inspect and copy accounting records of the corporation if she gives the corporation written notice of her demand at least five days before the date on which she wishes to inspect and copy such records. N.C.G.S. § 55-16-02(b) (Supp. 1992). This right as guaranteed by the statute is limited, however, by its proviso that a shareholder of a public corporation[1] shall not be entitled to in-

---

1. The term "public corporation" as used in the North Carolina Business Corporation Act "means any corporation that has a class of shares registered under Section 12 of the Securities Exchange Act of 1934, as amended (15 U.S.C. § 781)." N.C.G.S. § 55-1-40(18a) (Supp. 1992).

spect or copy any accounting records of the corporation. *Id.* The Court of Appeals concluded that this proviso restricts a shareholder's statutory right *and abrogates any common law right* to inspect a public corporation's accounting records. We disagree.

Under common law, a shareholder of a corporation has a right to make reasonable inspection of its books and records. *White v. Smith*, 256 N.C. 218, 123 S.E.2d 628 (1962); *Carter v. Wilson Construction Co.*, 83 N.C. App. 61, 348 S.E.2d 830 (1986). This Court has expressly recognized that the shareholders of a corporation have a common law right to make a reasonable inspection of its books to assure themselves of efficient management. *White*, 256 N.C. at 219, 123 S.E.2d at 629. We have also noted that the rationale behind the common law right of inspection is that those in charge of the corporation are merely agents of the shareholders, and a shareholder's right to inspect a corporation's books and records is only the right to inspect and examine that which is his own. *Cooke v. Outland*, 265 N.C. 601, 610, 144 S.E.2d 835, 841 (1965).

In light of the controlling case law, it is clear that a common law right to inspect the accounting records of a corporation existed in 1990 when the North Carolina Business Corporation Act, 1989 N.C. Sess. Laws ch. 265, took effect. Russell M. Robinson, II, *Robinson on North Carolina Corporation Law* § 10.1, at 173 (4th ed. 1990) [hereinafter *Robinson*]. The issue to be resolved here, then, is whether that common law right to inspect accounting records has been abrogated by N.C.G.S. § 55-16-02(b) or, to the contrary, has been preserved by N.C.G.S. § 55-16-02(e)(2), which provides that section 16-02 does not affect "the power of a court, independently of this Chapter, to compel the production of corporate records for examination."

The North Carolina Business Corporation Act, *inter alia*, provides shareholders certain rights of inspection of corporate records which did not exist under the common law. For example, the Act provides shareholders of corporations other than "public corporations" a new right to an *expedited inspection* of a corporation's accounting records *within five business days* after making a proper demand. N.C.G.S. § 55-16-02(b) (Supp. 1992). There seems to be general agreement, however, that the General Assembly did not intend the granting of such new or expanded rights of inspection under the Act to abrogate shareholders' rights of inspection already existing at common law; instead, it intended that N.C.G.S.

§ 55-16-02(e)(2) preserve all existing common law rights of inspection of corporate records. In this regard, one leading commentator has correctly noted:

> The North Carolina Business Corporation Act . . . prescribes statutory inspection rights in detail. Those statutory rights are nonexclusive because the present Act expressly provides that they do not affect the power of a court, independent of the Act, to compel the production of corporate records for examination; they also do not affect discovery rights in litigation.

*Robinson* § 10.1, at 174 (footnotes omitted) (citing N.C.G.S. § 55-16-02 (e)(1) and (2)). Both the Official Comment and the North Carolina Commentary to N.C.G.S. § 55-16-02 concur in this view.

This Court has noted that the commentary to a statutory provision can be helpful in some cases in discerning legislative intent. *State v. Bogle*, 324 N.C. 190, 376 S.E.2d 745 (1989); *State v. Hosey*, 318 N.C. 330, 348 S.E.2d 805 (1986). In *Bogle* this Court noted that since the commentary printed with the North Carolina Rules of Evidence was not enacted into law, it was not binding but, where proper, could be given substantial weight in our efforts to discern legislative intent. *Bogle*, 324 N.C. at 202-03 n.5, 376 S.E.2d at 752 n.5. In the present case, neither the Official Comment nor the North Carolina Commentary to N.C.G.S. § 55-16-02 were enacted into law and, therefore, they are not controlling. 1989 N.C. Sess. Laws ch. 265 § 2. However, we accord them some weight in our efforts to determine the intent of our legislature.

N.C.G.S. § 55-16-02(e)(2) expressly provides that "this section" (section 16-02) does not affect "the power of a court, independently of this Chapter, to compel the production of corporate records for examination." N.C.G.S. § 55-16-02(e)(2) (Supp. 1992). The Official Comment states that "Section 16.02(e) provides that the right of inspection granted by section 16.02 is an independent right of inspection that is not a substitute for or in derogation of rights of inspection that may exist . . . as a 'common law' right of inspection, if any is found to exist by a court, to examine corporate records. Section 16.02(e) simply preserves whatever independent right of inspection exists. . . ." N.C.G.S. § 55-16-02 official cmt. 4 (1990). *Accord* N.C.G.S. § 55-16-02 North Carolina Commentary (ii) (1990) ("Subsection (e) of this section merely preserves any common law inspection right that may exist. . . ."). We find the conclusion expressed in the Official Comment inescapable and are

compelled to conclude that the North Carolina Business Corporation Act "was intended to leave in effect any common law rights of inspection existing in North Carolina, and the North Carolina cases have confirmed the existence of such rights in reasonably broad scope." *Robinson* § 10.4, at 181.

We conclude that N.C.G.S. § 55-16-02(e)(2) preserves a shareholder's common law rights of inspection, including the right to make reasonable inspections of the accounting records of a public corporation for proper purposes. *Cooke*, 265 N.C. at 610, 144 S.E.2d at 841. Further, a shareholder who seeks to exercise her common law right—as opposed to a statutory right—to examine corporate records[2] for a proper purpose also has a common law right[2] to utilize the mandamus power of the courts to compel a reluctant corporation to disclose its corporate records pertinent to that purpose. *State ex rel. Lillie v. Cosgriff Co.*, 240 Neb. 387, 482 N.W.2d 555 (1992). Therefore, we reverse that part of the Court of Appeals' opinion which concluded that the plaintiff in the present case did not retain these common law rights after the adoption of the North Carolina Business Corporation Act.

II.

[2] By her next assignment of error, the plaintiff shareholder contends that the Court of Appeals erred in failing to compel the defendant corporation to provide her with a NOBO list for inspection. A NOBO list is a list of beneficial owners of a corporation's stock who do not object to the disclosure of their names and addresses by the registered owner of the stock (typically, a stock broker or a bank) to the corporation itself for the limited purpose of allowing direct communication on corporate matters. Only recently have NOBO lists been recognized under federal law.[3] When creating the rules requiring banks, stock brokers and dealers to create such lists upon requests by issuing corporations, the Securities Exchange Commission reviewed the question of whether a corporation's shareholders should themselves be granted the right to compel the production of a NOBO list on the same terms as the issuer of the shares. *See* Exchange Act Release No. 34-22533, 50 Fed.

---

2. Shareholders have a statutory right to court-ordered inspection when a corporation fails or refuses to permit them to exercise the rights of inspection granted them by N.C.G.S. § 55-16-02. N.C.G.S. § 55-16-04 (1990).

3. The Rules adopting the NOBO system are found in SEC Rules 14b-1, 14c-7 and 14a-13, Part 240, Code of Federal Regulations.

**PARSONS v. JEFFERSON-PILOT CORP.**

[333 N.C. 420 (1993)]

Reg. 42, 672 (Oct. 22, 1985). However, the Commission has not promulgated any rule providing shareholders with such a right.

A qualified shareholder has a statutory right to inspect a "record of shareholders." N.C.G.S. § 55-16-02(b)(3) (1990). The plaintiff contends that the record of shareholders made available by this statute includes a NOBO list. Our Court of Appeals concluded in the present case that the defendant corporation does not have to provide the plaintiff shareholder with a NOBO list, because the defendant corporation does not have the information needed to create such a list and does not use such a list in communicating with shareholders. We agree.

Other courts have held that where a corporation has obtained a NOBO list and is or will be using it to solicit shareholders, a shareholder should be allowed the same channel of communication. *E.g., Shamrock Associates v. Texas American Energy*, 517 A.2d 658 (Del. Ch. 1986); *Bohrer v. International Banknote Co.*, 150 A.D.2d 196, 540 N.Y.S.2d 445 (1989). However, there is a paucity of cases addressing the issue before us in the present case — whether a corporation must provide a shareholder a NOBO list even though the corporation does not have in its possession the names of its non-objecting beneficial owners and does not use such information to solicit shareholders.

In *Sadler v. NCR Corp.*, 928 F.2d 48 (2d Cir. 1991), the court concluded that, in light of a peculiar voting requirement of the defendant corporation, the production of a NOBO list could be required even though the corporation did not have such a list in its possession. In reaching its conclusion, the court stated that New York law may not require compilation of a NOBO list routinely. *Id.* at 53. However, in light of the defendant corporation's peculiar rule that directors could be replaced at a special meeting only upon the affirmative vote of eighty-percent of the stockholders, the court concluded that an order requiring the corporation to create and provide a NOBO list was proper. *Id.* We are faced with no such situation in the present case.

On the other hand, in *Cenergy Corp. v. Bryson Oil & Gas P.L.C.*, 662 F. Supp. 114 (D. Nev. 1987), the court refused to require the corporate defendant to obtain the names and addresses of beneficial owners of its stock in order to create a NOBO list for a shareholder, because the defendant corporation did not already have such information in its possession. This ruling was based

in part upon the view that requiring a corporation to divulge all of the shareholder information *in its possession* would completely effectuate the goal of fairness and equality between a corporation and its shareholders in proxy solicitation. *Id.* at 1147. Therefore, the court refused to order the corporation to "acquire specially any shareholder information which it does not already possess in order to then distribute it to [the shareholder] Bryson." *Id.* at 1148. We find the decision in *Cenergy Corp.* persuasive.

We believe that the legislative intent embodied in N.C.G.S. § 55-16-02(b)(3) is that shareholders be entitled to the information concerning the identity of shareholders which is *possessed by the corporation* in order that they may have the same opportunity as the corporation to communicate with the other shareholders. In order to effectuate that legislative goal, it is necessary that shareholders have access to NOBO lists or other information which the corporation itself has in its possession; however, a shareholder is not granted a right under the statute to require a corporation to obtain NOBO lists or the information necessary to compile NOBO lists when the corporation does not possess or use such information. Since the defendant corporation does not have in its possession a NOBO list or the information needed to compile a NOBO list, it is not required to obtain that information simply because the plaintiff shareholder has requested that it do so for an otherwise proper purpose. Therefore, we affirm that part of the opinion of the Court of Appeals which affirmed the trial court's holding that the defendant corporation was not required to provide the plaintiff with a NOBO list.

### III.

[3] In its sole assignment of error, the defendant contends that the Court of Appeals erred in concluding that the plaintiff had satisfied the "reasonable particularity" requirement of N.C.G.S. § 55-16-02(c)(2). This statute provides that a "qualified shareholder may inspect and copy the records described in subsection (b) only if" she describes with reasonable particularity her purpose and the records she desires to inspect. N.C.G.S. § 55-16-02(c)(2) (1990). In her demand, the plaintiff requested

> for the purpose of determining any possible mismanagement of the Company or any possible misappropriation, misapplication or improper use of any property or asset of the Company, all records of any final action taken, with or without a meeting,

**PARSONS v. JEFFERSON-PILOT CORP.**

[333 N.C. 420 (1993)]

by the Board of Directors of the Company, or by a committee of the Board of Directors of the Company while acting in place of the Board of Directors of the Company on behalf of the Company, minutes of any meeting of the shareholders of the Company and records of action taken by the shareholders of the Company without a meeting.

Since no court has yet construed the "reasonable particularity" requirement of N.C.G.S. § 55-16-02(c)(2), we find it helpful to consider the interpretation placed upon the "reasonable particularity" requirement contained in Rule 34(b) of the Federal Rules of Civil Procedure. In determining whether the "reasonable particularity" requirement of this federal rule governing document production has been satisfied, it has been recognized that

the test must be a relative one, turning on the degree of knowledge that a movant in a particular case has about the documents he requests. In some cases he has such exact and definite knowledge that he can designate, identify, and enumerate with precision the documents to be produced. This is the ideal designation, since it permits the party responding to go at once to his files and without difficulty produce the document for inspection. But the ideal is not always attainable and Rule 34 does not require the impossible. Even a generalized designation should be sufficient when the party seeking discovery cannot give a more particular description and the party from whom discovery is sought will have no difficulty in understanding what is wanted. The goal is that the designation be sufficient to apprise a man of ordinary intelligence what documents are required.

8 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2211, at 628-31 (1970). This test is in line with the Official Comment to N.C.G.S. § 55-16-02(c)(2), which provides that under the "reasonable particularity" requirement, a shareholder should make more meaningful statements of purpose and the desired records when "feasible." Whether a shareholder has described his purpose or the desired records with reasonable particularity necessarily depends upon the facts and circumstances of each case.

In the present case, the record does not show that the plaintiff had any specific knowledge of corporate mismanagement or of any improper use of corporate assets at the time that she made the demand. The record shows only that the plaintiff was dissatisfied

PARSONS v. JEFFERSON-PILOT CORP.

[333 N.C. 420 (1993)]

with the return on her investment in the defendant corporation. In light of the plaintiff's actual knowledge at the time of the demand, it would not have been feasible to state her purpose with any greater particularity. In addition, the plaintiff specifically described the desired records in her demand. The plaintiff sought "all records of any final action taken by the Board or by a committee of the Board, the minutes of any meeting of the shareholders, and records of action taken by the shareholders of the Company without a meeting." Although the plaintiff's demand was broad, we agree with the Court of Appeals' determination that there is nothing in this record to show that the plaintiff could have described the desired records with any greater particularity than she did, and the defendant company should not have had any trouble understanding what the plaintiff desired. Assuming *arguendo* that N.C.G.S. § 55-16-02(c) controls situations in which a shareholder exercises a common law right of inspection, as well as situations in which the statutory right is being exercised, we conclude that the plaintiff described both her purpose and the desired records with the "reasonable particularity" required by that statute. This assignment of error is overruled.

In conclusion, we agree with the holding of the Court of Appeals that the plaintiff was not entitled to require the defendant to obtain the information needed to prepare a NOBO list or to provide such a list to the plaintiff. We also agree with the holding of the Court of Appeals that the plaintiff described her purpose and the desired records with "reasonable particularity." Accordingly, we affirm the results reached in those parts of the opinion of the Court of Appeals. The Court of Appeals erred, however, in holding that the plaintiff does not have a common law right to inspect the accounting records of the defendant, and we reverse that part of the opinion of the Court of Appeals. This case is remanded for further proceedings not inconsistent with this opinion.

Affirmed in part; reversed in part; and remanded.