WARNER, Judge.
Does a corporation have to provide a shareholder with information concerning other stock owners that is not a record of the corporation but may be obtained from outside sources? The trial court answered this question in the negative, denying the appellants’ request for the appellee corporation to produce a NOBO[1] list even though the corporation neither had such a list nor intended to request one itself. We agree with the trial *354 court that production of the list was not required and therefore affirm.
In February 1994, the appellants, who had recently acquired beneficial ownership in stock of the appellee, sought to replace the appellee’s directors via a consent solicitation of stockholders. In other words, the appellants sought to obtain proxies from a sufficient number of stockholders (50% plus one) to remove the present directors. This is significantly more difficult than removing the directors at the annual meeting, when only a majority vote by those present at the meeting would be necessary to remove the directors. The annual meeting was scheduled for May.
Pursuant to Florida law, the appellants had sixty days in which to secure a sufficient number of consents to accomplish their objective. § 607.0704, Fla.Stat. (1993). The appellants requested, and the appellee provided, a list of the shareholders required to be disclosed under section 607.1601(3), Florida Statutes (1993). Section 607.1601(3) requires a corporation to maintain a record “of its shareholders in a form that permits preparation of a list of the names and addresses of all shareholders in alphabetical order by class of shares showing the number and series of shares held by each.” Id. Because stock is held frequently in a street name and is reflected in the corporate records only by the name of the nominee,[2] the securities industry has developed “CEDE” lists for publicly traded corporations, which identify the brokerage firms and other record owners who purchased shares in a street name and have placed those shares in the custody of depository firms which are then the nominees on the corporate records. To combat the consent solicitation commenced by the appellants, the appellee had obtained a CEDE list to communicate with its shareholders and furnished that list to the appellants.
That was insufficient, according to the appellants, who wanted what is known as a NOBO list. This is a list of “non-objecting beneficial owners” and contains the names of the beneficial owners of shares in a corporation who have given consent to the disclosure of their identities. Pursuant to Rule 14b-1(e) of the Securities & Exchange Commission, a NOBO list must be furnished by brokers and other record holders of stock in street names at the corporation’s request. While the CEDE list provides the record holders and brokerage houses holding stock in street names, the NOBO list provides the names of the beneficial owners of that stock held in street names.
Normally, when a corporation wants to communicate with its stockholders, including those beneficial owners, it can obtain the CEDE list and furnish the information or proxy solicitation materials to the names on the CEDE list in accordance with their stock holdings. Then the nominees and holders of the stock in street name mail the materials to the beneficial owners of the stock. A NOBO list makes direct contact between the corporation and the beneficial owners possible.
However, a NOBO list is not a corporate record and must be obtained from sources outside the corporation. It requires time and expense to prepare, and corporations do not routinely order them. In this case, the appellee did not order a NOBO list because it did not intend to contact the beneficial owners directly, but instead was willing to rely on contact through the CEDE list. Therefore, the appellee having provided the appellants the CEDE list, both sides of this corporate squabble had the same access to the shareholders.
Under section 607.1601(3), Fla.Stat. (1993), a corporation is required to maintain “a record of its shareholders in a form that permits preparation of a list of the names and addresses of all shareholders in alphabetical order by class of shares showing the number and series of shares held by each.” A shareholder is defined in section 607.01401(23), Florida Statutes (1993), as “one who is a holder of record of shares in a corporation or the beneficial owner of shares to the extent *355 of the rights granted by a nominee certificate on file with a corporation.”[3] A shareholder has a right to inspect and copy “the record of shareholders” and any other books and records of the corporation under section 607.1602(2), Florida Statutes (1998). There is nothing in the statute that suggests that the corporation is required to obtain information it does not possess from outside sources. Normally neither parties nor corporations are required to produce documents that they do not themselves possess.
Only a handful of courts across the country have addressed the issue of whether a corporation is required to furnish a NOBO list to a shareholder upon demand. The general rule is that a corporation is required to furnish a NOBO list that it has obtained to a shareholder, because the shareholder should be allowed the same avenue of communication with fellow shareholders that the corporation enjoys. Shamrock Assocs. v. Texas Am. Energy Corp., 517 A.2d 658 (Del.Ch.1986); Bohrer v. International Banknote Co., 150 A.D.2d 196, 540 N.Y.S.2d 445 (1989). All but one of the courts which have addressed the subject have held that a corporation is not required to produce a NOBO list if it does not have one in its possession. Cenergy Corp. v. Bryson Oil & Gas P.L.C., 662 F.Supp. 1144 (D.Nev.1987); RB Assocs. v. Gillette Co., No. Civ.A. 9711, 1988 WL 27731 (Del.Ch. Mar. 22, 1988); Parsons v. Jefferson-Pilot Corp., 333 N.C. 420, 426 S.E.2d 685 (1993). But c.f. Sadler v. NCR Corp., 928 F.2d 48 (2d Cir.1991). The rationale expressed by the majority of these courts is that the goal of fairness and equality is furthered when the shareholder has the same access to contact shareholders as the corporation has. However, meeting this goal does not require a corporation to provide a shareholder with a means of access that the corporation itself does not possess. We adopt this rule.
Moreover, unless the NOBO list is in the corporation’s possession, it does not constitute a record of the corporation, nor can it be considered the official stockholder list required to be maintained by statute. That is so, because even the NOBO list does not include all of the beneficial owners of the stock held by nominees. Indeed, the Securities and Exchange Commission requires brokers to compile an OBO list of objecting beneficial owners who do not desire personal solicitations from the corporation or dissident shareholders. See 17 C.F.R. § 240.14b-l(b)(l)(ii) (1994). Thus, the NOBO list cannot constitute the record of shareholders within the meaning of Florida’s statute.
The only case requiring the corporation to provide a NOBO list it did not already possess to a shareholder is Sadler v. NCR Corp., 928 F.2d 48 (2d Cir.1991). In Sadler, the court held that because of the requirement of a vote of eighty percent of all outstanding shares (not merely those present) at a special meeting called for the purpose of removal of directors, fairness required that the shareholder be furnished the NOBO list. However, even the Sadler court conceded that the New York statute may not require the compilation of NOBO lists routinely for shareholders. Id. at 53. As the North Carolina Supreme Court did in Parsons, we therefore limit Sadler to its specific facts, which are not present here. In this case, the dissenting shareholders needed only fifty percent plus one consent proxies to remove the directors without a meeting, or they could wait another month and obtain proxies to remove the directors at the annual meeting where only a majority vote by those present would be necessary to accomplish removal.
The dissent adopts a very broad reading of Sadler and disparages Delaware corporate law. However, Florida courts have frequently resorted to Delaware corporate law in construing our own corporation statute. See, e.g., Naples Awning & Glass, Inc. v. Cirou, 358 So.2d 211 (Fla. 2d DCA), cert, denied, 364 So.2d 882 (Fla.1978); De La Rosa v. Tropical Sandwiches, Inc., 298 So.2d 471 (Fla. 3d DCA 1974), cert, denied, 312 So.2d 760 (Fla.1975); Davidson v. Ecological Science Corp., 266 So.2d 71 (Fla. 3d DCA 1972).[4] Furthermore, we think that both Sadler and *356 the dissent go too far when they say that every NOBO who is not directly solicited is a vote for the corporation. The requesting shareholder is still entitled to and is provided with the corporate list of shareholders and the number and class of shares held by the shareholder, and in this ease, the appellant received the CEDE list. Written materials could be sent to all of the shareholders, both NOBO and OBO, through written solicitations sent to the brokers who hold the stock in street name and who are responsible for disseminating corporate information. There are alternate means of contacting these shareholders and securing their vote. The dissident shareholders have not been deprived of all communication with other shareholders. They have the same means to communicate with the NOBOs as does corporate management.
Although the sixty day period for obtaining the consent solicitation has long since passed, and the request for the NOBO list is moot as to this particular solicitation, we have addressed this issue as one capable of repetition yet evading review.
Affirmed.
STEVENSON, J., concurs.
KLEIN, J., dissents with opinion.

. Non-objecting beneficial owners, described infra.

. Under Florida law, a corporation can establish a procedure whereby beneficial owners of shares registered in the name of a nominee will be recognized by the corporation as the shareholder. § 607.0723, Fla.Stat. (1993). We are not informed as to whether Hospital Staffing Services, Inc., had such a procedure.

. A nominee certificate is permitted by section 607.0723, Fla.Stat. However, that procedure for recognition of beneficial owners does not appear to be adopted in this case.

. None of these cases, however, construe the statutes we deal with here.