MARQUES COLE JONES v. NIAH DRAKE WHIMPER

No. 89A12

(Filed 25 January 2013)

1.    **Child Custody and Support — jurisdiction — Parental Kidnapping Prevention Act — Uniform Child Custody Jurisdiction and Enforcement Act**

"[S]ubstantial compliance" with the federal Parental Kidnapping Prevention Act and the Uniform Child Custody Jurisdiction and Enforcement Act as enacted in this state requires our courts to determine whether the foreign state has substantially the same type of jurisdiction that we have.

2.    **Child Custody and Support — communications between courts — Parental Kidnapping Prevention Act — Uniform Child Custody Jurisdiction and Enforcement Act**

N.C.G.S. § 50A-110 applies to all communications between courts attempting to determine jurisdiction in custody cases involving the Parental Kidnapping Prevention Act and the Uniform Child Custody Jurisdiction and Enforcement Act.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, ___ N.C. App. ___, 727 S.E.2d 700 (2012), affirming an order declining jurisdiction entered on 21 February 2011 by Judge P. Gwynett Hilburn in District Court, Pitt County.  Heard in the Supreme Court on 5 September 2012.

*Bishop & Smith, PLLC, by Keith A. Bishop, for plaintiff-appellant.*

*W. Gregory Duke for defendant-appellee.*

PER CURIAM.

**[1]**    The holding of the majority opinion of the Court of Appeals is affirmed; however, to the extent that the majority opinion has construed the federal Parental Kidnapping Prevention Act ("PKPA") and the Uniform Child-Custody Jurisdiction and Enforcement Act ("UCCJEA") as enacted in this state as requiring a threshold of "substantial compliance" with these statutes, the majority opinion is vacated. Instead, "substantial compliance" as set forth in our General Statutes requires our courts to determine whether the foreign state has substantially the same type of jurisdiction that we have.  N.C.G.S. § 50A-206(b) (2011).  As the Court of Appeals properly noted, but misapprehended, "[i]f the court of the state having jurisdiction substantially in accordance with [the UCCJEA] does not determine that the court of this State is a more appropriate forum, the court of this State shall dismiss the proceeding." *Id*.  Therefore, the subsection 50A-206(b) determination is limited to whether the court of the state having jurisdiction has the same type of jurisdiction that North Carolina has, not whether "the statutory prerequisites for determining child custody jurisdiction were substantially complied with in" a given case.  *Jones v. Whimper*, __ N.C. App. __, __, 727 S.E.2d 700, 704 (2012).

**[2]**    In addition, that portion of the Court of Appeals' opinion that holds that section 50A-110 of the General Statutes only applies to discretionary communications is vacated.  We hold that section 50A-110 applies to *all* communications between courts attempting to determine jurisdiction in these circumstances.  We find support in the official commentary to the section, which

-2-

states that "[t]his section emphasizes the role of judicial communications. It authorizes a court to communicate concerning *any proceeding arising under this Act.*" N.C.G.S. § 50A-110 official cmt. (2011) (emphasis added); *see Parsons v. Jefferson-Pilot Corp.*, 333 N.C. 420, 425, 426 S.E.2d 685, 689 (1993) (noting that "the commentary to a statutory provision can be helpful in some cases in discerning legislative intent" and that while not binding "could be given substantial weight in our efforts to discern legislative intent"). The commentary goes on to mention section 206 specifically, stating that "[c]ommunications between courts is required under Sections 204, 206, and 306, and is strongly suggested in applying Section 207." N.C.G.S. § 50A-110 official cmt.

Ultimately, North Carolina does not have jurisdiction here. As the New Jersey court declined to cede jurisdiction to North Carolina, the case remained in New Jersey. We therefore affirm the Court of Appeals' affirmation of the trial court's order declining to exercise jurisdiction. As such, remand would serve no purpose.

MODIFIED AND AFFIRMED.

Justice BEASLEY did not participate in the consideration or decision of this case.